# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RODGER EINSTEIN HAYWARD,

   *Petitioner*,

vs.

STATE OF NEVADA,*et al.,*

   *Respondents*.

3:14-cv-00188-LRH-WGC

ORDER

This habeas matter comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review.

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence this action by submitting a properly completed pauper application on the required form. Under LSR 1-1 of the local rules, a petitioner must use the Court's required pauper application form. Petitioner instead presented an entirely handwritten pauper application without using the required form. Merely presenting financial documents with a handwritten application is insufficient.

Second, petitioner did not use the required petition form. Under LSR 3-1 of the local rules, petitioner must file a habeas petition on the Court's required § 2254 petition form. Petitioner instead presented an entirely handwritten petition. While petitioner is challenging a denial of parole, the determination of whether a petitioner must proceed under 28 U.S.C. § 2254 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state

conviction. He therefore must proceed under § 2254, and he accordingly must use the Court's required § 2254 form as required by LSR 3-1.

Third, petitioner cannot proceed against the State of Nevada in federal court. Petitioner may not proceed directly against the State or an arm of the State in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Fourth, petitioner failed to name the proper respondent required to sustain jurisdiction. Petitioner must name his immediate physical custodian as respondent in order to invoke the Court's habeas jurisdiction. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

Fifth, none of the claims in the petition challenging the denial of parole have been exhausted through to a decision on the merits by the Supreme Court of Nevada. The materials submitted with the petition reflect that parole last was denied on June 25, 2012. The online docket of the Supreme Court of Nevada does not reflect that petitioner has pursued any proper state judicial challenge to the parole denial through to a decision on the merits by the state supreme court. Petitioner attaches with the petition alleged correspondence with state officials, such as the governor; but he has not challenged the parole denial in the state courts through to a decision by the state supreme court.

Due to these multiple substantial defects, this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1]The Court additionally notes that the pauper application and petition are not signed by petitioner. This additional defect can be remedied as effectively also in a new action. The text instead sets forth the basis for dismissal.

The online docket records of this Court and the state courts reflect the following.

Petitioner Rodger Hayward was convicted in 1982 pursuant to a jury verdict of one count of sexual assault and three counts of lewdness with a minor. This Court denied petitioner's prior federal petition in No. 3:91-cv-00147-LRH-VPC on the merits. The Ninth Circuit affirmed, and the Supreme Court denied *certiorari* review on November 1, 2010. Petitioner's last state court proceeding seeking collateral review of his conviction concluded in 1999.

(continued...)

1  IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is 2 DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in 3 a new action with a proper pauper application.

4  IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason 5 would not find the dismissal of the improperly-commenced action without prejudice to be debatable or 6 wrong, as the dismissal will not materially impact the issues in a new action or otherwise result in 7 substantial prejudice. See text at 2 and n.1, *supra*.

8  The Clerk shall SEND petitioner two copies each of a pauper form for an incarcerated person, 9 a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the 10 papers that he submitted.

11  The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

12  DATED this 10th day of April, 2014.

15  _____
  LARRY R. HICKS
  UNITED STATES DISTRICT JUDGE

---

[1](...continued)

The present petition is directed at least primarily if not exclusively to a challenge to the state parole board's subsequent denial of parole. The one-year federal limitation period for such a challenge would run from the June 25, 2012, denial of parole. *See, e.g., Shelby*, 391 F.3d at 1062-66; *Parejo v. Frakes*, 2012 WL 6019059 (9th Cir. Dec. 4, 2012). It is clear from petitioner's representations in the correspondence submitted with the petition that petitioner has not pursued any timely state judicial proceedings that would statutorily toll the running of the limitation period. Any *arguendo* viable basis for overcoming the federal limitation period at this juncture accordingly would not appear to hinge upon the commencement date of the present action.

To the extent, if any, that passing references in the petition otherwise would seek to challenge the underlying 1982 judgment of conviction, any *arguendo* viable basis for overcoming the untimeliness of the petition also would not hinge upon the commencement date of the present action. Moreover, the petition would be successive to the extent that it challenges the conviction, such that petitioner would be required to obtain permission from the Court of Appeals to pursue the successive petition.

The dismissal of the present action without prejudice will not materially impact the adjudication of any such issues in a promptly-filed new action. The Court emphasizes that: (a) it is not directing petitioner to file any particular claims or pleadings in a new action but simply is dismissing this improperly-commenced action without prejudice; and (b) it makes no representation that any of petitioner's claims are timely, exhausted, or otherwise viable, either at this point or at the filing of new action. Petitioner at all times remains responsible for filing timely claims in an appropriate state or federal procedural vehicle after first satisfying any applicable exhaustion requirement.